UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TED JOHNSON,                                                **REPORT and**
                                                            **RECOMMENDATION**

                         Plaintiff,                  12-CV-00343(S)(M)

v.

BRIAN FISCHER, et al.,
                         Defendants.
_____

        This case was referred to me by Hon. William M. Skretny for supervision of all pretrial proceedings, including the preparation of a Report and Recommendation on dispositive motions [16].[1] Before me are plaintiff's motion for an entry of default [45][2] and defendants' submission concerning whether reconsideration of the dismissal of defendants Brian Fischer and Lori Kellner is warranted. April 14, 2015 Text Order [46]. For the following reasons, I recommend that plaintiff's motion [45] be denied, and that the dismissal of defendants Fischer and Kellner not be reconsidered.

---

    [1]    Bracketed references are to the CM/ECF docket entries.

    [2]    "Upon entry of default, the court accepts the factual allegations of the complaint as true, except the allegations relating to damages." JP Morgan Chase Bank, N.A. v. M/Y FORTUNA, 2013 WL 1148920, *4 (E.D.N.Y.), adopted 2013 WL 1195420 (E.D.N.Y. 2013). Thus, the entry of a default, if not set aside, may be dispositive of the issue of liability. Therefore, I consider defendants' motion to be dispositive. See Jin-Jo v. JPMC Specialty Mortgage LLC, 2009 WL 3672059, *1 n. 3 (W.D.N.Y. 2009) (McCarthy, J.), adopted 2010 WL 330314 (W.D.N.Y. 2010) (Arcara, J.). Compare with J & J Sports Productions, Inc. v. Martinez, 2013 WL 2147790, *1 n. 2 (M.D.N.C. 2013) ("The entry of default (and thus the decision to set aside or to leave in effect such an entry constitutes a pretrial matter that does not dispose of any claim or defense").

**BACKGROUND**

Plaintiff, a former inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action *pro se* pursuant to 42 U.S.C. §1983. Complaint [1]. The parties' familiarity with the allegations of the Complaint, which are fully set forth in my prior Reports, Recommendations and Orders [34, 42], is presumed. Initially, in lieu of answering the Complaint, all defendants, other than defendant Dale Artus and K. Adams,[3] moved to dismiss the Complaint [15, 21]. While those motions were pending, plaintiff moved for an entry of default [25], which defendant Artus moved to vacate. By Report, Recommendation and Order dated February 14, 2014 [34], I recommended that defendants' motion to dismiss be granted in part and denied in part, and that defendant Artus' motion to vacate the entry of default be granted. After that recommendation was adopted (March 25, 2014 Text Order [37]), defendant Artus moved to dismiss the Complaint [38] in lieu of answering the Complaint. By Report, Recommendation and Order dated February 13, 2015 [42], I recommended that defendant Artus' motion be denied. That recommendation was adopted on March 9, 2015 [43], and defendants Artus, James Hessell[4] and Cortnie Tietz filed their Answer on March 19, 2015 [44]. Plaintiff now moves for an entry of default against these defendants, arguing that their Answer was untimely "and should be rejected by the Court pursuant to Fed. Rule 55 or any other relief deemed just and proper". Plaintiff's Affirmation [45], ¶5.

---

[3]     Defendant Adams' first name is not included in the record.

[4]     Defendants refer to him as both Hessel (see Zimmermann Declaration [47-1], ¶20) and Hessell (id., ¶19).

ANALYSIS

A.     **Plaintiff's Motion for an Entry of Default**

    1.     **Defendant Artus**

Defendant Artus' Answer, which was filed within 14 days of Judge Skretny's Text Order denying his motion to dismiss, was timely. *See* Fed. R. Civ. P. ("Rule") 12(a)(4)(A). Therefore, I recommend that a default not be entered against him.

    2.     **Defendants Hessell and Tietz**

These defendants concede that their Answer was untimely. Zimmermann Declaration [47-1], ¶14. Nevertheless, they argue that a default should not be entered against them. Defendants' Memorandum of Law [47], pp. 5-7 of 17. I agree.

"The court may set aside an entry of default for good cause". Rule 55(c). "While Rule 55(c) does not define 'good cause,' this Court has advised district courts to consider three criteria in deciding a Rule 55(c) motion: (1) whether the default was willful; (2) whether setting aside the default would prejudice the party for whom default was awarded; and (3) whether the moving party has presented a meritorious defense." Peterson v. Syracuse Police Department, 467 Fed. Appx. 31, 33 (2d Cir. 2012) (Summary Order). "A finding that one factor militates against good cause is not dispositive." Murray Engineering, P.C. v. Windermere Properties LLC, 2013 WL 1809637, *4 (S.D.N.Y. 2013). "[A]ll doubts must be resolved in favor of trial on the merits". Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 98 (2d Cir. 1993). I will address each of these factors.

### a.   Willfulness

Willfulness under the good cause standard of Rule 55(c) is "conduct that is more than merely negligent or careless". S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir.), cert. denied, 525 U.S. 931 (1998). "[T]he court may find a default to have been willful where the conduct of counsel or the litigant was egregious and was not satisfactorily explained". Id. Defendants' counsel, George Zimmermann, Esq., has submitted a declaration stating that it was his oversight that led to the failure of defendant Hessell and Tietz to timely file their Answer. Zimmermann Declaration [47-1], ¶¶14, 21. I credit that explanation, which provides a sufficient explanation for me to conclude that the default was not willful.

### b.   Prejudice

"Prejudice to the nondefaulting party is 'the single most persuasive reason for denying a Rule 55(c) motion'". Murray Engineering, P.C., 2013 WL 1809637 at *5 (*quoting* 10A Wright, Miller, et al., Federal Practice and Procedure §2699 (3d ed. 2010)). Significantly, plaintiff identifies no prejudice that he has suffered as a result of the default.

### c.   Meritorious Defense

"The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." Enron Oil Corp., 10 F.3d at 98. In arguing that they possess a meritorious defense, defendants point to the fourteen affirmative defenses asserted in their Answer. Defendants' Memorandum of Law [47], p. 5 of 17. Plaintiff also fails to dispute defendants'

argument that while plaintiff's retaliation claim has survived dismissal, "he will have a much harder time proving his vague allegations of retaliation" (id., p. 6 of 17).

Considering the three factors, and given the preference for resolving disputes on the merits, I conclude that good cause would exist to vacate any entry of default against defendants Hessell and Tietz. Therefore, I recommend that plaintiff's motion for an entry of default be denied.

**B.     Is there a Basis to Reconsider the Dismissal of Defendants Fischer and Kellner?**

In my March 14, 2014 Report, Recommendation and Order [34], I recommended that the claims against Fischer and Kellner both be dismissed for lack of personal involvement. With respect to defendant Fisher, I concluded that:

> "Although plaintiff alleges that letters were sent to Fischer complaining of the defendants' conduct, he concedes that the only response received to these letters was from LeClaire, his subordinate, advising him that his grievances were being considered. Complaint [1], ¶73. This in not sufficient to establish Fisher's personal involvement. 'The receipt of a prisoner's letter of grievance by a DOCS Commissioner who delegates to other prison officials the task of responding to such complaints is insufficient to establish the Commissioner's personal involvement.' Spavone v. Fischer, 2012 WL 360289, *5 (S.D.N.Y. 2012)" (id., p. 11).

I likewise concluded that:

> "The allegations against Kellner stem from her supervisory status. Plaintiff alleges that she "failed and refused" to discipline Adams and Tietz for the May 16, 2011 misbehavior report. Complaint [1], ¶45. However, 'the allegation that a supervisory official ignored a prisoner's letter protesting unconstitutional conduct is not itself sufficient to allege the personal involvement of the official so as to create liability under §1983'. Amaker v. Fischer, 2013 WL 6092501, *5 (W.D.N.Y. 2013) (Arcara, J./Schroeder, M.J.)" (id., p. 12).

Plaintiff's Complaint similarly alleges that defendant Dale Artus was personally involved in the underlying constitutional violations based upon his receipt of various letters. Complaint [1], ¶¶58, 72.   However, relying on the Second Circuit's recent decision in Grullon v. City of New Haven, 720 F.3d 133, 141 (2d Cir. 2013), which cautioned that "[a]t the pleading stage, even if [the plaintiff] had no knowledge or information as to what became of his Letter after he sent it, he would be entitled to have the court draw the reasonable inference if his amended complaint contained factual allegations indicating that the Letter was sent to the Warden at an appropriate address and by appropriate means that the Warden in fact received the Letter, read it, and thereby became aware of the alleged conditions of which Grullon complained", defendant Artus' subsequent motion to dismiss based upon lack of personal involvement was denied.  Report, Recommendation and Order [42], pp. 9-10, adopted, March 9, 2015 Text Order [43].

To ensure that the denial of defendant Artus' motion to dismiss was consistent with the earlier dismissal of defendants Fischer and Kellner for lack of personal involvement, I permitted the parties to submit briefs addressing whether reconsideration of the dismissal of the claims against defendants Kellner and Fischer is warranted.  *See* April 14, 2015 Text Order [46]. Although the defendants submitted a brief on this issue [47], nothing was submitted by plaintiff.

1. **Defendant Fischer**

"[S]upervisors are permitted to delegate responsibility for handing grievances to subordinates and may properly rely on the determinations that those subordinates make; such reliance, standing alone, is . . . insufficient to show that the supervisor failed to remedy the

alleged misconduct". Mandell v. Goord, 2009 WL 3123029, *13 (N.D.N.Y. 2009). Since Grullon did not address (much less modify) existing case law that delegation of grievance letters by a supervisor to a subordinate is insufficient to establish personal involvement, I see no reason to reconsider the dismissal of defendant Fischer. See Collins v. Ferguson, 2015 WL 1044359, *9 (W.D.N.Y. 2015) (Geraci, J.) ("The general rule is that if a supervisory official receives a letter from an inmate and passes it on to a subordinate for response or investigation, the official will not be deemed personally involved with respect to the subject matter of the letter"); Rivera v. Fischer, 655 F. Supp. 2d 235, 238-39 (W.D.N.Y. 2009) (Larimer, J.) (concluding that allegations against certain supervisory officials who received letters and referred themto subordinates were insufficient to establish their personal involvement ); Samms v. Fischer, 2013 WL 5310215, *5 (N.D.N.Y. 2013) ("Defendant Fischer did take appropriate action, i.e., by referring the matter to a subordinate, on whom he was entitled to rely to conduct an appropriate investigation and response").

**2.     Defendant Kellner**

Plaintiff alleges that his attorney, Edward Land, Esq., "wrote to Defendant Kellner in May 2011 to report the false and defamatory statements concerning Plaintiff that her underlings, Defendants Adams and Tietz made, but Defendant Kellner failed and refused to correct that information or discipline Defendants Adams and Tietz for their deliberate misconduct". Complaint [1], ¶45. Even if defendant Kellner's personal involvement was sufficiently pled, plaintiff's claim arising from Adams' and Tietz's May 16, 2011 "false and defamatory Treatment Progress Report" (id., ¶30), has been dismissed. See Report,

Recommendation and Order [34], pp. 26-26, adopted, March 25, 2014 Text Order [37]. Therefore, I conclude that there is no reason to reconsider the dismissal of defendant Kellner.

**CONCLUSION**

For these reasons, I recommend that plaintiff's motion for an entry of default [45] be denied, and that the dismissal of defendants Kellner and Fischer not be reconsidered. Unless otherwise ordered by Judge Skretny, any objections to this Report and Recommendation must be filed with the clerk of this court by July 29, 2016 (applying the time frames set forth in Rules 6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Skretny. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and

explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated:   July 12, 2016

                                      /s/ Jeremiah J. McCarthy
                                      JEREMIAH J. MCCARTHY
                                      United States Magistrate Judge